Shauck, J.
Such consideration as was given to the evidence in this case, by the jury, in determining upon its general verdict, must have been rather to its volume than to its probative effect. The difficulty found in opening the bridge by pressure from passing boats, whether caused by the manner in which the bridge was constructed or the condition of its operating device, was neither the proximate nor a contributing cause of -the injury. Nor did the evidence show how the bridge could have been constructed so as to avoid the injury, in view of the circumstances, if it were the duty of the city to construct and maintain it for other purposes than those of ordinary travel. But however insufficient the evidence may have been to show negligence, it was submitted to the jury. That it failed to show a default in the performance of the city’s duty is conclusively established by the special finding that at the time of the accident the bridge was in a reasonably safe condition for travel in the ordinary mode.
*69 The duty with regard to which the city is alleged to have been in default is imposed by Section 2640, Revised Statutes. It is to cause streets “to be kept open and in repair, and free from nuisance.” The special finding is, in substance, that this duty was performed by the city in constructing and maintaining the bridge. When a bridge, and a street of which it is a part, are in a reasonably safe condition for travel in the ordinary mode, they are free from nuisance. Village of Cardington v. Frederick’s Admr., 46 Ohio St., 442; Zanesville v. Fannan, 53 Ohio St., 605; Circleville v. Sohn, 59 Ohio St., 285; Cincinnati v. Fleischer, Admr., 63 Ohio St., 229. The statute indicates the purpose in this regard for which a municipality may exercise the power of taxation. It is not liable as an insurer of those who go upon its streets. These familiar views were clearly expressed in the instructions which the trial judge gave to the jury in the present case. Why they were not allowed a controlling effect in disposing of the motion for a judgment does not appear. It would seem obvious that taxes should not be levied by a city for the payment of a judgment rendered against it without its default.
The plaintiff having failed to sustain his allegations of negligence against the city, the case presents no question of contributory negligence, nor any consideration of the degree of care which may be exacted from one of his age.

Judgments of the circuit and common pleas courts reversed, and judgment for plaintiff in error.

Bitrket, C. J., Spear, Davis, Price and Crew, JJ., concur.